**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4548**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JOSHUA JESSIE WHITE,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Thomas S. Kleeh, Chief District Judge.  (2:19-cr-00013-TSK-MJA-1)

_____

Submitted:  December 12, 2022                    Decided:  December 15, 2022

_____

Before AGEE and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

**ON BRIEF**: Harry A. Smith III, JORY & SMITH, L.C., Elkins, West Virginia, for Appellant.  Stephen D. Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Jessie White seeks to appeal the 160-month sentence imposed following his guilty plea to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). White's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court abused its discretion by applying a four-level enhancement when calculating White's advisory Sentencing Guidelines range. White did not file a pro se supplemental brief after being notified of his right to do so. After we directed the Government to file a response brief, it moved to dismiss the appeal as barred by White's waiver of the right to appeal included in the plea agreement.

Where, as here, the Government seeks to enforce an appeal waiver and White has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue raised on appeal falls within the waiver's scope. *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). White does not contest that he knowingly and intelligently waived his right to appeal, *see United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010), and our review of the plea hearing leads us to conclude that the waiver is valid and enforceable. White's challenge to the calculation of his advisory Guidelines range falls squarely within the waiver's scope, and we have reviewed the record in accordance with *Anders* and have identified no potentially meritorious issues that would fall outside the scope of the waiver. Accordingly, we grant the Government's motion to dismiss White's

2

appeal as to all issues within the waiver's scope and affirm the remainder of the district court's judgment.

This court requires that counsel inform White, in writing, of the right to petition the Supreme Court of the United States for further review. If White requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on White. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*